IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC WAYNE BROWN,                                            OPINION and ORDER

                              Petitioner,

                                                                                                                             09-cv-373-bbc

    v.

HOLINKA, Warden,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Eric Wayne Brown has brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that he lost good time and treatment credits without due process of the law when he was found to have violated rules regarding escape. In particular, petitioner alleged that initially he did not receive an adequate hearing and, by the time he received another hearing, he had been transferred away from favorable witnesses, making them inaccessible.

      In an order entered July 20, 2009, I screened the petition and concluded that from the facts petitioner alleged it was possible that he did not receive due process of the law. I ordered respondent to show cause why the petition should not be granted, explaining that such cause could be shown by establishing that the original hearing met due process

1

requirements or that the bureau did not interfere with petitioner's ability to call witnesses during the second hearing.

In her response, respondent Carol Holinka has described the process provided petitioner in the first and second hearings. As to the first hearing, she adduces evidence that the first hearing examiner considered the incident report, the sign-out logs, petitioner's weekend pass and a copy of a police department report. In addition, the examiner asked petitioner whether he had any witnesses to present, to which petitioner responded that he did not have any names but would call an officer at the jail to testify that petitioner was sitting around in the jail's lobby when he was believed to have escaped. (According to documents in the record, petitioner was late returning from a "weekend pass" and his explanation was that he was late because he had been arrested for operating a car that was not his and then was released and waited in the jail lobby to get change for a phone call.) The examiner called the jail to verify petitioner's claims and was told that it would be possible for petitioner to wait in the lobby but that jail staff could not verify whether he had done so.

As for the second hearing, respondent adduced evidence that petitioner received a copy of his rights at the hearing, which described his "right to call witnesses." Nonetheless, petitioner signed paperwork indicating that he did not wish to have witnesses. Dkt. #9-5, at 6. The discipline hearing report stated that petitioner did not call witnesses at the

2

hearing.  In his traverse, petitioner explains his failure to call witnesses:  before the hearing, when petitioner signed the notice of hearing, unit disciplinary committee officer Robinson told petitioner that the rehearing would result in expungement (which the record shows Robinson recommended), so he "could not see" how petitioner could call any witness. Nonetheless, petitioner avers, he stated that he *did* want witnesses if he was going to have a hearing.  Although petitioner signed the form stating that he was requesting "no witnesses," he "did not realize" that he had checked that box.

     These facts are sufficient to show that petitioner received due process, both at the first and the second hearing.  At the first hearing, he was given an opportunity to name any any witnesses he wanted to call and he attempted to do that.  Although he could not get a name, he described where a witness might be found and the hearing examiner followed up on that information but could not verify petitioner's allegations.  The examiner was not required to continue investigating until something came up; the failure to locate witnesses is petitioner's.

     However, even assuming petitioner's first hearing was inadequate, or that he was otherwise entitled to full process in round two, he has received it.  The simple fact is that petitioner did not attempt to call witnesses.  To the extent petitioner "wanted to" and simply "failed to realize" that he had signed off on something stating he did not, that is his fault, too.  (Petitioner does not suggest that he attempted to call witnesses at the hearing or otherwise attempted to bring his interest in calling witnesses to the attention of the hearing

3

officer.) Petitioner was given an opportunity to call witnesses. Even under his version of the incident, he failed to take advantage of that opportunity when he did not read the notice carefully. It is not a violation of due process to take a prisoner at his word that he does not want witnesses.

Even in his traverse, petitioner focuses not on the due process violations, but rather on alleged violations of administrative rules. As I explained in the earlier order, that argument goes nowhere; I have already denied the petition for writ of habeas corpus on that theory and will not revisit it.

## ORDER

IT IS ORDERED that petitioner Eric Wayne Brown's petition for a writ of habeas corpus is DENIED for his failure to show that he is in custody in violation of the Constitution or the laws of the United States and this case is DISMISSED.

Entered this 22nd day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4